**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JOE F. COOPER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 1:25-1385-CFC-SRF |
| | ) | |
| RYAN FUTTY AND | ) | |
| ADEREMI ANTWI, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Presently before the court in this civil action for violations of the Civil Rights Act, 42

U.S.C. § 1983, is a motion to dismiss for failure to state a claim under Federal Rule of Civil

Procedure 12(b)(6) filed by Defendant Ryan Futty ("Futty") against *pro se* plaintiff Joe F.

Cooper ("Plaintiff") (D.I. 7)[1] For the following reasons, I recommend that the court **GRANT**

Futty's Motion to Dismiss.

## I.    BACKGROUND

Plaintiff, an inmate at Howard R. Young Correctional Institution ("HRYCI"), brings this

*pro se* action against Defendants Futty and Aderemi Antwi ("Antwi"), asserting claims for

damages arising from an improper strip search conducted by Antwi on or about November 11,

2024. (D.I. 1, Ex. C)[2]

---

[1] The briefing and filings associated with Defendants' Motion to Dismiss can be found at: D.I. 8, D.I. 11, and D.I. 14.
[2] Antwi filed an Answer to the Complaint and remains an active Defendant in this case. (D.I. 5)

1

Plaintiff contends that, on the day of the incident, he walked to the unit "25 desk" to be transported by Futty to the institution's infirmary, where Plaintiff was employed. (*Id.* ¶¶ 1-2) According to Plaintiff, after he arrived at the infirmary, Futty directed him to return to the "25 desk." (*Id.* ¶¶ 4-5) Plaintiff states that, upon returning to the "25 desk," Antwi instructed him to enter a restroom and performed an improper strip search. (*Id.* ¶¶ 6-8) Plaintiff further maintains that he reported the incident immediately after it occurred. (*Id.*)

On November 14, 2025, the instant action was removed to this court. (D.I. 1) On January 16, 2026, Futty moved to dismiss the Complaint. (D.I. 7) On February 12, 2026, Plaintiff filed his answering brief in opposition to Futty's motion, and on March 11, 2026, Futty filed a reply brief in further support of his motion. (D.I. 11; D.I. 14) On March 13, 2026, the instant case was referred to the undersigned magistrate judge to hear and resolve all pretrial matters, up to and including the resolution of case-dispositive motions, subject to 28 U.S.C. § 636(b). (D.I. 15)

## II.    LEGAL STANDARD

The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a

2

complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). A plaintiff must plead facts sufficient to show that a claim has "substantive plausibility." *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 786-87.

The court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

## III.    DISCUSSION

The court recommends dismissal of Plaintiff's claims against Futty as the operative complaint fails to allege that Futty engaged in any wrongdoing. The complaint mentions Futty only once, alleging that Futty escorted Plaintiff from "25 desk" to the main infirmary at HRYCI for Plaintiff's employment. (D.I. 1, Ex. C at ¶¶ 3-4) When Plaintiff and Futty arrived at the main infirmary, Futty instructed Plaintiff to return to the "25 desk." (Id. at ¶ 5)  Beyond that isolated reference, Futty is not mentioned in the subsequent factual allegations, and the complaint contains no allegations that Futty personally participated in or was otherwise responsible for any wrongful conduct. "[A] supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995)).  Plaintiff does not allege any personal involvement regarding Futty, beyond the claim that he was escorting Plaintiff on the day the incident occurred.  (D.I. 1, Ex. C at ¶¶ 3-5)  The Complaint contains no allegation suggesting that Futty participated in, directed, or had any knowledge regarding the alleged violations of Plaintiff's rights.  Therefore, because Plaintiff has not adequately pleaded a claim against Futty, I recommend that the court GRANT Defendant Futty's motion to dismiss.

## IV.    CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

4

## ORDER

At Wilmington this __th day of _____, 2026, IT IS ORDERED that:

1.    The Report and Recommendation issued on _____ __, 2026 is **ADOPTED**.

2.    Plaintiff's claims against defendant Futty are **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6).

3.    Plaintiff is granted leave until on or before _____, 2026 to file an amended complaint remedying the deficiencies noted in the Report and Recommendation.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: July 27, 2026

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

5